UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Eleazar Salazar,<br><br>         Debtor,<br>_____<br><br>ELEAZAR SALAZAR,<br><br>         Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-CB2, its successor and/or successors; LITTON LOAN SERVICING, LP; QUALITY LOAN SERVICE CORPORATION; ACCREDITED HOME LOANS, INC.,<br><br>         Defendants.<br>_____ | Civil No. 11cv2792 L(BLM)<br><br>Bankruptcy Case No.: 10-17456-MM13<br>Adversary No.: 11-90441-MM<br><br>**ORDER GRANTING MOTION TO WITHDRAW THE REFERENCE [doc. #1]** |

Plaintiff/debtor Eleazar Salazar's Chapter 13 bankruptcy action was filed on September 30, 2010. In September 2011, plaintiff filed an adversary complaint asserting state law claims challenging the foreclosure of real property against defendants U.S. Bank National Association, as Trustee for the C-BASS Mortgage Loan Asset-Backed Certificates, Series 2006-CB2; Litton Loan Servicing, L.P.  Defendants filed an answer to the adversary complaint on November 14, 2011. They now move to withdraw the reference from the Bankruptcy Court to the District

Court. The motion has been fully briefed. For the reasons set forth below, the motion will be granted.

## Discussion

District courts have discretion to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges for that district. 28 U.S.C. § 157(a). "[B]ankruptcy courts may hear and enter final judgments in 'core proceedings' in a bankruptcy case." *Stern v. Marshall*, 131 S. Ct. 2594, 2601–02 (2011). In "non-core proceedings, the bankruptcy courts instead submit proposed findings of fact and conclusions of law to the district court, for that court's review and issuance of final judgment." *Id.*

This court "may withdraw in whole or in part, any case proceeding referred, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). In the present case, defendants move to withdraw the reference of the adversary complaint because the claims debtor asserts are not core bankruptcy matters but instead are based on alleged violations of California law. "Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right covered by some other body of law, normally state law." *Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1268, 30 Bankr. Ct. Dec. (CRR) 778 (7th Cir. 1997). The party seeking withdrawal of the reference bears the burden of showing that the reference should be withdrawn. *Carmel v. Galam* (*In re Larry's Apartment, LLC*), 210 B.R. 469, 472 (Bankr. D. Ariz. 1997).

Defendants argue that debtor's claims challenge the nonjudicial foreclosure procedures of a mortgage loan and do not draw from or rely on bankruptcy law and therefore, are non-core proceedings that should be heard in this Court. In other words, like the *Stern* case, the state law claims at issue in this action are "in no way derived from or dependent upon bankruptcy law." 131 S. Ct. at 2618.

Debtor contends, however, that plaintiff's adversary complaint is a core proceeding because the claims concern the administration of the estate; would determine, avoid or recover

fraudulent conveyances; or affect the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship. Opp. at 2 (citing 11 U.S.C. §157(b)(2)(A), (H), and (O)). The Court disagrees. Debtor adversary complaint is a state law wrongful foreclosure action which clearly could have been filed in state court and would not be "resolved in the process of ruling on a creditor's proof of claim." *Stern*, at 2621. As a result, the bankruptcy court cannot enter a final judgment on debtor's adversary action. Nevertheless, the Court must determine whether it is required to withdraw the reference, or, if not required, it should exercise its discretion to do so.

The bankruptcy code specifically provides that a bankruptcy court may hear and "submit proposed findings of fact and conclusions of law to the district court," subject to de novo review, in a proceeding "that is not a core proceeding." 28 U.S.C. § 157(c)(1). Thus, the Court may decline to withdraw the reference and require the bankruptcy court to provide proposed findings of fact and conclusions of law.

The Ninth Circuit has set forth factors to consider in determining whether to exercise its discretion and withdraw the reference: (1) efficient use of judicial resources; (2) delay and costs to the parties; (3) uniformity of bankruptcy administration; (4) the prevention of forum shopping; and (5) other related factors. *Sec. Farms v. Int'l. Bhd. of Teamsters* (*In re Security Farms*), 124 F.3d 999, 1008 (9th Cir. 1997).

Here, the most efficient use of judicial resources supports withdrawal of the reference. The Court is able to consider the factual and legal basis for the adversary action, which is based on determination of state law claims, without unreasonable delay or costs. Because this type of action has been considered frequently in the district court, the results of the adversary litigation would likely be consistent with similar cases. This is not a case where there are complex issues of law that require consideration of the interplay between bankruptcy and state law claims.

As noted above, because debtor's claims are non-core, the bankruptcy court may not enter final judgment. For the reasons set forth above, withdrawal of the reference is reasonable.

Debtor finally argues that the motion for withdrawal of the reference is untimely: such a motion is "timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec. Farms*, 124 F.3d at 1007 n.3.

1 | The Court finds no basis to suggest that the motion for withdrawal of the reference was not promptly made.

Based on the foregoing, **IT IS ORDERED**:

1. Defendants' motion for withdrawal of the reference is **GRANTED**;
2. Defendants shall answer or otherwise respond to plaintiff's complaint on or before February 17, 2012.

**IT IS SO ORDERED.**

DATED: January 30, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL